

**Your Missouri Courts**

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess  Logoff ANDYMARTONE

**22SL-CC01877 - MORHANS I NGUMOHA V CRESTWOOD HEALTH CARE CE ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**06/08/2022** ☐ **Amend Pet/Mot to Modfy Filed**

Plaintiffs Second Amended Petition for Damages; Exhibit 1; Exhibit 2; Exhibit 3; Electronic Filing Certificate of Service.
   **Filed By:** DAVID MICHAEL HEIMOS
   **On Behalf Of:** MORHANS I NGUMOHA

☐ **Motion for Leave**

Plaintiffs Consent Motion For Leave Of Court To File Plaintiffs Second Amended Petition For Damages; Electronic Filing Certificate of Service.
   **Filed By:** DAVID MICHAEL HEIMOS
   **On Behalf Of:** MORHANS I NGUMOHA

**05/27/2022** ☐ **Suggestions Filed**

Defendants Crestwood Health Care Center LLC and Reliant Care Group LLCs Suggestions in Support of Their Joint Motion to Dismiss; Electronic Filing Certificate of Service.
   **Filed By:** DAVID WILLIAM MORIN
   **On Behalf Of:** CRESTWOOD HEALTH CARE CENTER, LLC, RELIANT CARE GROUP, LLC

☐ **Motion to Dismiss**

Defendants Crestwood Health Care Center LLC and Reliant Care Group LLCs Joint Motion to Dismiss; Electronic Filing Certificate of Service.
   **Filed By:** DAVID WILLIAM MORIN

**05/24/2022** ☐ **Order Granting Leave**

PLAINTIFF'S CONSENT MOTION FOR LEAVE OF COURT TO FILE PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES. SO ORDERED: JUDGE BRUCE F. HILTON

**05/18/2022** ☐ **Order**

DEFENDANTS MOTION TO STRIKE THE ALLEGATIONS IN PARAGRAPH 20 OF PLAINTIFF'S PETITION AND PRAYER FOR PUNITIVE DAMAGES IS HEREBY GRANTED. SO ORDERED: JUDGE BRUCE F. HILTON

☐ **Order**

DEFENDANTS MOTION TO MAKE MORE DEFINITE AND CERTAIN IS HEREBY GRANTED. PLAINTIFF IS HEREBY GRANTED UNTIL JUNE 17, 2022 TO FILE AN AMENDED PETITION HEREIN. SO ORDERED: JUDGE BRUCE F. HILTON

**05/06/2022** ☐ **Amend Pet/Mot to Modfy Filed**

Plaintiffs First Amended Petition for Damages; Exhibit 1 - Charge of Discrimination; Exhibit 2 - Notice of Right to Sue.
   **Filed By:** DAVID MICHAEL HEIMOS
   **On Behalf Of:** MORHANS I NGUMOHA

☐ **Motion for Leave**

Plaintiffs Consent Motion for Leave of Court to file Plaintiffs First Amended Petition for Damages.
   **Filed By:** DAVID MICHAEL HEIMOS
   **On Behalf Of:** MORHANS I NGUMOHA

**ATTACHMENT A**

| | | |
|---|---|---|
| 04/29/2022 | ☐ **Entry of Appearance Filed** | |
| | Entry of Appearance; Electronic Filing Certificate of Service. | |
| | **Filed By:** ANDREW JOHN MARTONE | |
| | **On Behalf Of:** CRESTWOOD HEALTH CARE CENTER, LLC, RELIANT CARE GROUP, LLC | |
| | ☐ **Memo of Law in Suppt of Filed** | |
| | **Filed By:** DAVID MORIN | |
| | **On Behalf Of:** CRESTWOOD HEALTH CARE CENTER, LLC, RELIANT CARE GROUP, LLC | |
| | ☐ **Motion to Dismiss** | |
| | Defendants Joint Motion to Dismiss or in the Alternative Motion for More Definite Statement; Electronic Filing Certificate of Service. | |
| | **Filed By:** DAVID WILLIAM MORIN | |
| | ☐ **Memo of Law in Suppt of Filed** | |
| | Defendants Memorandum of Law in Support of their Joint Motion to Strike; Electronic Filing Certificate of Service. | |
| | **Filed By:** DAVID WILLIAM MORIN | |
| | ☐ **Motion to Strike** | |
| | Defendants Joint Motion to Strike; Electronic Filing Certificate of Service. | |
| | **Filed By:** DAVID WILLIAM MORIN | |
| | ☐ **Entry of Appearance Filed** | |
| | Entry of Appearance; Electronic Filing Certificate of Service. | |
| | **Filed By:** DAVID WILLIAM MORIN | |
| 04/01/2022 | ☐ **Corporation Served** | |
| | Document ID - 22-SMCC-2792; Served To - RELIANT CARE GROUP, LLC; Server - WEEKE, KAREN HOFFMAN; Served Date - 31-MAR-22; Served Time - 00:00:00; Service Type - Territory 10; Reason Description - Served; Service Text - LC | |
| | ☐ **Corporation Served** | |
| | Document ID - 22-SMCC-2791; Served To - CRESTWOOD HEALTH CARE CENTER, LLC; Server - WEEKE, KAREN HOFFMAN; Served Date - 31-MAR-22; Served Time - 00:00:00; Service Type - Territory 10; Reason Description - Served; Service Text - LC | |
| 03/24/2022 | ☐ **Summons Issued-Circuit** | |
| | Document ID: 22-SMCC-2792, for RELIANT CARE GROUP, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. | |
| | ☐ **Summons Issued-Circuit** | |
| | Document ID: 22-SMCC-2791, for CRESTWOOD HEALTH CARE CENTER, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. | |
| 03/23/2022 | ☐ **Filing Info Sheet eFiling** | |
| | **Filed By:** DAVID MICHAEL HEIMOS | |
| | ☐ **Pet Filed in Circuit Ct** | |
| | PLAINTIFFS PETITION FOR DAMAGES. | |
| | **Filed By:** DAVID MICHAEL HEIMOS | |
| | **On Behalf Of:** MORHANS I NGUMOHA | |
| | ☐ **Judge Assigned** | |
| | DIV 13 | |

**22SL-CC01877**

Electronically Filed - St Louis County - March 23, 2022 - 12:02 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MORHANS I. (IKE) NGUMOHA,                    )
                                             )
     Plaintiff,                              )          Case No.:
vs.                                          )
                                             )          Division No.:
CRESTWOOD     HEALTH     CARE                 )
CENTER, LLC, A MISSOURI LIMITED              )
LIABILITY COMPANY                            )
                                             )          **JURY TRIAL DEMANDED**
                                             )
**SERVE (by SHERRIF OF ST. LOUIS**           )
**COUNTY, MISSOURI):**                       )
**Registered Agent for**                     )
**Crestwood Health Care Center, LLC**        )
**Robert J. Craddick**                       )
**1869 Craig Park Ct.**                      )
**St. Louis, MO 63146  OR**                  )
                                             )
**Organizer For Crestwood Health Care**      )
**Center, LLC**                              )
**Richard J. DeStefane**                     )
**1869 Craig Park Ct.**                      )
**St. Louis, MO 63146**                      )
                                             )
     **AND**                                 )
                                             )
RELIANT   CARE   GROUP,   LLC,   A           )
MISSOURI     LIMITED     LIABILITY           )
COMPANY                                      )
                                             )
**SERVE (by SHERRIF OF ST. LOUIS**           )
**COUNTY, MISSOURI):**                       )
**Registered Agent for**                     )
**Reliant Care Group, LLC**                  )
**Robert J. Craddick**                       )
**1869 Craig Park Ct.**                      )
**St. Louis, MO 63146  OR**                  )
                                             )
**Organizer For Reliant Care Group, LLC**    )
**Richard J. DeStefane**                     )
**1869 Craig Park Ct.**                      )
**St. Louis, MO 63146**                      )
                                             )
     Defendants.                             )
                                             )

1

Electronically Filed - St Louis County - March 23, 2022 - 12:02 PM

## PLAINTIFF'S PETITION FOR DAMAGES

### Age Discrimination in Violation of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq.

COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and for his Petition for Damages against Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC, states to the Court as follows:

1.      That Plaintiff, Morhans I. (Ike) Ngumoha, is, and was at all times pertinent to this cause of action herein, a resident of St. Louis County, Missouri.

2.      That Defendant, Crestwood Health Care Center, LLC is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

3.      That Defendant, Reliant Care Group, LLC, is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

4.      The Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC, are employers within the meaning of the Missouri Human Rights Act, R.S. MO. Section 213.010 et seq, in that Defendants are legal entities that, at all times pertinent to this cause of action herein, have had six (6) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

Electronically Filed - St Louis County - March 23, 2022 - 12:02 PM

5.     That Plaintiff had been employed with Defendants at the Crestwood Health Care facility located at 11400 Mehl Avenue,  Florissant, MO 63033, for nearly 13 years, from September 2008 until he was terminated on May 30, 2021.

6.     That at the time of his termination, Plaintiff held the title of Registered Nurse Supervisor, working only on weekends and holidays.

7.     That Plaintiff's date of birth is March 4, 1957, wherein he was age 64 on the date of his termination.

8.     That the reason given for Plaintiff's termination was that he was sleeping on the job.

9.     That Plaintiff was not sleeping on the job, as, at the time in question, he was on break, and if an employee is on break, he or she is not "on the clock", wherein the employee has every right to rest if he or she feels the need to do so.

10.     Furthermore, that Plaintiff was not sleeping at the time, as he sometimes merely closes his eyes when he thinks, such that his eyes may have been closed at the time.

11.     Furthermore, the residents at the facility and other employees working at the facility routinely come outside to the courtyard where Plaintiff was seated at the time, such as to smoke, wherein Plaintiff could not have been sleeping at that time, even if he had wanted to, because of the noise from the residents and other employees.

12.     Furthermore, prior to going to the courtyard for his break, Plaintiff told an employee, Meridith Kovaisky, whose title is Regional Nurse, where he was going so that he could be readily available if he was needed.

13.     That Plaintiff had absolutely no prior history of sleeping on the job and he had absolutely no prior disciplinary action taken against him whatsoever.

3

Electronically Filed - St Louis County - March 23, 2022 - 12:02 PM

14.     That there was no reasonable investigation done by the Defendants prior to Plaintiff's termination, such as to speak with witnesses.

15.     That the reason Plaintiff was terminated from his employment was because of his age (64), based on the following facts:

    a.  Plaintiff was the oldest employee working at the facility at the time of his termination.

    b.  The individuals involved in the decision to terminate Plaintiff's employment, Hymita Speed, the Director of Nursing at the facility, and Chiquita Kimari, the Administrator at the facility, were considerably younger than Plaintiff, with Hymita Speed being in her early 30's and Chiquita Kimari being in her mid-40's.

    c.  Approximately three to four times during the period of January 2021 through April 2021, Hymita Speed asked Plaintiff how long he intended to work at the facility, to which he responded that he was still strong and would work at the facility as long as he could.

    d.  In the first week of March 2021, Chiquita Kimari also asked Plaintiff how long he intended to work at the facility.

16.     The Defendants were "looking for a reason" to justify Plaintiff's termination, such that the reason given for his termination, that he was sleeping on the job, was merely a pretext to justify his termination.

17.     That an additional indication that Defendants were "looking for a reason" to justify Plaintiff's termination is that in February 2021, Plaintiff was asked to take a long examination regarding his job knowledge and the Company's policies, in spite of the fact that he had, at that time, been employed with Defendants for twelve and one-half years.

Electronically Filed - St Louis County - March 23, 2022 - 12:02 PM

18.     That on September 2, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which, through a work-sharing arrangement with the Missouri Commission on Human Rights, was assigned Missouri Commission on Human Rights Case No. FE-09/21-33586 by the Missouri Commission on Human Rights, charging Defendants with unlawful age discrimination, including being harassed and then being terminated from his employment, in violation of the Missouri Human Rights Act, R.S. MO. Section 213.010 et seq.

19.     That the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue, dated March 8, 2022.

20.     That the conduct of Defendants, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

21.     That as a proximate result of Plaintiff being terminated from his employment, he has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

22.     Further, that as a proximate result of Defendants engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.

WHEREFORE, Plaintiff, Morhans I. (Ike) Ngumoha, prays for judgment in his Petition for Damages against Defendants, Crestwood Health Care Center, LLC, a Missouri Limited Liability Company, and Reliant Care Group, LLC, a Missouri Limited Liability Company, jointly and severally, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for his reasonable attorney's fees incurred herein;

Electronically Filed - St Louis County - March 23, 2022 - 12:02 PM

for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,

By:    *David M. Heimos*

      David M. Heimos, #29834MO
      Attorney for Plaintiff
      230 South Bemiston, Suite 1200
      Clayton, Missouri 63105
      314-862-3333 Ext. 17
      314-862-0605 Facsimile
      davidmheimos@heimoslaw.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRUCE F. HILTON | Case Number:  22SL-CC01877 | **SHERIFF FEE PAID** |
| Plaintiff/Petitioner:<br>MORHANS I NGUMOHA | Plaintiff's/Petitioner's Attorney/Address<br>DAVID MICHAEL HEIMOS<br>SUITE 1200<br>230 S BEMISTON AVE<br>CLAYTON, MO  63105-1907 | |
| vs. | | |
| Defendant/Respondent:<br> CRESTWOOD HEALTH CARE CENTER, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  RELIANT CARE GROUP, LLC<br>**Alias:** | |

R/A ROBERT J. CRADDICK
1869 CRAIG PARK CT.
SAINT LOUIS, MO  63146

ORGANIZER
RICHARD J. DESTEFANE
1869 CRAIG PARK CT
ST LOUIS, MO  63146

*COURT SEAL OF*



*ST. LOUIS COUNTY*

     **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

     **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>24-MAR-2022</u>
**Date**

_____
**Clerk**

**Further Information:**
**JB**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

    **Must be sworn before a notary public if not served by an authorized officer:**

    Subscribed and sworn to before me on _____ (date).

    My commission expires: _____          _____
*(Seal)*                                          Date                                                      Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | **$** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Case: 4:22-cv-00650-MTS Doc. #: 1-3 Filed: 06/20/22 Page: 13 of 68 PageID #: 19



*LCW/ Robert J. Craddick*
*3/31    13.52*          *R/A*

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI RETURN

| Judge or Division: BRUCE F. HILTON | Case Number: 22SL-CC01877 |
|---|---|
| Plaintiff's/Petitioner: MORHANS I NGUMOHA | Plaintiff's/Petitioner's Attorney/Address DAVID MICHAEL HEIMOS SUITE 1200 230 S BEMISTON AVE CLAYTON, MO 63105-1907 |
| vs. | |
| Defendant/Respondent: CRESTWOOD HEALTH CARE CENTER, LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

**SHERIFF FEE PAID**

**FILED**
APR - 4 2022
JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

### Summons in Civil Case

**The State of Missouri to:** CRESTWOOD HEALTH CARE CENTER, LLC
Alias:

R/A ROBERT J. CRADDICK
1869 CRAIG PARK CT.
ST. LOUIS, MO 63146

ORGANIZER
R/A RICHARD J. DESTEFANE
1869 CRAIG PARK CT
ST LOUIS, MO 63146

*COURT SEAL OF*

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__24-MAR-2022__
Date

_____
Clerk

Further Information:
JB

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to *Robert J. Craddick* (name) *Reg agent* (title).

☐ other _____

Served at *1869 Craig Park Ct. St. Louis MO 63146* (address)

in *St. Louis* (County/City of St. Louis), MO, on *3/31/22* (date) at *13:52* (time).

*Karen Weeke* _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                        Date                    Notary Public

*3.29.22*

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, David W. Morin of the law firm Hesse Martone, P.C., and hereby enters

his appearance as co-counsel for Defendants, Crestwood Health Care Center, LLC and Reliant

Care Group, LLC in the above-captioned case.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:     */s/ David W. Morin*
      Andrew J. Martone, #37382
      David W. Morin, # 61590
      530 Maryville Centre Drive, Suite 250
      St. Louis, Missouri 63141
      (314) 862-0300 – Telephone
      (314) 862-7010 – Facsimile
      andymartone@hessemartone.com
      davidmorin@hessemartone.com

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

                      */s/ David W. Morin*

2

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CRESTWOOD HEALTH CARE CENTER, L.L.C.
AND RELIANT CARE GROUP, L.L.C.'S JOINT MOTION TO STRIKE**

Defendants Crestwood Health Care Center, L.L.C. ("Crestwood Health") and Reliant Care Group, L.L.C. ("Reliant Care") (Crestwood Health and Reliant Care are hereinafter collectively referred to as "Defendants"), by and through the undersigned counsel, and pursuant to Missouri Rule of Civil Procedure 55.27(e), hereby move this Court to strike Plaintiff Morhans Ngumoha's ("Plaintiff") request for punitive damages.

In support of their Joint Motion to Strike, Defendants state as follows:

1.      "[T]he [C]ourt may order stricken from any pleading […] any redundant, immaterial, impertinent, or scandalous matter."  Mo. R. Civ. Pro. 55.27(e).

2.      Plaintiff filed his Petition on or about March 23, 2022, alleging violations of the Missouri Human Rights Act ("MHRA"), R.S.Mo. § 213.010, *et seq*.

1

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

3.      Plaintiff's Petition contains a paragraph alleging that as a result of Defendants' alleged conduct, Defendants are liable, "jointly and severally, for actual, compensatory and *punitive* damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000)…" *See* Pet., p. 5 ("*Wherefore*" *Clause*) (emphasis added).

4.      Further, Plaintiff alleges that "[t]he conduct of Defendants, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff."  Pet., ¶ 20.

5.      Plaintiff's allegations that he is entitled to punitive damages is improper, as R.S.Mo. § 510.261.5 prohibits Plaintiff from making a claim for a punitive damages award in his initial pleading.  *See* R.S.Mo. § 510.261.5.

6.      Defendants have filed their Memorandum of Law in Support of their Joint Motion to Strike contemporaneously with this Motion.

WHEREFORE, Crestwood Health Care Center, L.L.C. and Reliant Care Group, L.L.C. respectfully move this Court for an Order striking the allegations contained in Paragraph 20 of Plaintiff's Petition, Plaintiff's prayer for punitive damages, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:     */s/ David W. Morin*
        Andrew J. Martone, #37382
        David W. Morin, # 61590
        530 Maryville Centre Drive, Suite 250
        St. Louis, Missouri 63141
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@hessemartone.com
        davidmorin@hessemartone.com

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of April, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

*/s/   David W. Morin*

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CRESTWOOD HEALTH CARE CENTER,**
**L.L.C. AND RELIANT CARE GROUP, L.L.C.'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO STRIKE**

COMES NOW Defendants Crestwood Health Care Center, L.L.C. ("Crestwood Health") and Reliant Care Group, L.L.C. ("Reliant Care") (Crestwood Health and Reliant Care are hereinafter collectively referred to as "Defendants"), by and through the undersigned counsel, and hereby submit their Memorandum of Law in Support of their Joint Motion to Strike.

**INTRODUCTION**

On March 23, 2022, Plaintiff Morhans Ngumoha ("Plaintiff") filed his one (1) count Petition, alleging age discrimination in violation of the Missouri Human Rights Act ("MHRA"). As part of his prayer for relief, Plaintiff asks that this Court award "actual, compensatory and *punitive* damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000)…"  *See* Pet., p. 5 ("*Wherefore*" *Clause*) (emphasis added).  Further, Plaintiff alleges

1

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

that Defendants' conduct "was done with evil motive or in reckless disregard for the rights of Plaintiff," suggesting that Plaintiff is requesting punitive damages in this case.  *See* Pet., ¶ 20.

Because Plaintiff's "Wherefore" Clause improperly seeks an award of punitive damages, and the allegations in Paragraph 20 of the Petition suggest that Plaintiff is currently requesting punitive damages in this case, Paragraph 20 of Plaintiff's Petition and Plaintiff's prayer for punitive damages should be stricken.  *See* R.S.Mo. § 510.261.5.

## LEGAL STANDARD

"[T]he [C]ourt may order stricken from any pleading […] any redundant, immaterial, impertinent, or scandalous matter." Mo. R. Civ. Pro. 55.27(e).

## ANALYSIS

I.  **Plaintiff has made an impermissible request for punitive damages, and any such reference to punitive damages should be stricken from Plaintiff's Petition.**

In Plaintiff's "Wherefore" Clause to his Petition, Plaintiff asks this Court to award punitive damages.  *See* Pet., p. 5 (*"Wherefore" Clause*).  In particular, Plaintiff asks for a judgment against Defendants, "jointly and severally, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000); for his reasonable attorney's fees incurred herein; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper."  *See* Pet., p. 5 (*"Wherefore" Clause*).  Further, Plaintiff alleges that Defendants' conduct "was done with evil motive or in reckless disregard for the rights of Plaintiff;" language which lends itself to a request for punitive damages.  *See* Pet., ¶ 20.

R.S.Mo. § 510.261.5 states that "no initial pleading in a civil action shall contain a claim for a punitive damage award," and that "[a]ny later pleading containing a claim for a punitive

2

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

damage award may be filed only with leave of the court." *See* R.S.Mo. § 510.261.5.  Section 510.261 notes that the court will grant such leave if it concludes:

> following its review of all materials submitted in connection with the motion, that based on the evidence to be admitted at trial a trier of fact could reasonably conclude, based on clear and convincing evidence, that the standards for a punitive damage award contained in this section have been met…

*See* R.S.Mo. § 510.261.5.  Such a condition precedent has not been met in this case, nor could such a showing conceivably be made at the initial pleading phase.  Indeed, a request for punitive damages at the initial pleading stage is entirely contrary to R.S.Mo. § 510.261.5.

Accordingly, because Plaintiff is not entitled to request punitive damages in his initial pleading, the request for punitive damages in Plaintiff's prayer for relief contained in the "Wherefore" Clause, as well as the allegations in Paragraph 20, should be stricken from Plaintiff's Petition.

## CONCLUSION

For the reasons set forth above, the allegations contained in Paragraph 20 of Plaintiff's Petition and Plaintiff's prayers for the recovery of punitive damages should be stricken from Plaintiff's Petition.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:      */s/ David W. Morin*
         Andrew J. Martone, #37382
         David W. Morin, # 61590
         530 Maryville Centre Drive, Suite 250
         St. Louis, Missouri 63141
         (314) 862-0300 – Telephone
         (314) 862-7010 – Facsimile
         andymartone@hessemartone.com
         davidmorin@hessemartone.com

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

*/s/   David W. Morin*

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CRESTWOOD HEALTH CARE CENTER, L.L.C. AND
RELIANT CARE GROUP, L.L.C.'S JOINT MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Defendants Crestwood Health Care Center, L.L.C. and Reliant Care Group,

L.L.C. ("Defendants") by and through the undersigned counsel, and pursuant to Missouri Rule of

Civil Procedure 55.27(d), hereby submit their Joint Motion to Dismiss, or in the alternative,

Motion for More Definite Statement ("Motion").

In support of their Motion, Defendants state as follows:

1.       On March 23, 2022 Plaintiff Morhans Ngumoha ("Plaintiff") filed his Petition

against Defendants alleging age discrimination in violation of the Missouri Human Rights Act

("MHRA"), R.S.Mo. § 213.010 *et seq.*

2.       Missouri is a fact pleading state.  *See e.g. State ex rel. Harvey v. Wells*, 995 S.W.2d

546, 547 (Mo. 1997).

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

3.      Under Missouri law, a petition must contain a short and plain statement of facts showing that the pleader is entitled to relief.  Mo. Sup. Ct. R. 55.05.

4.      A plaintiff's petition must plead facts that adequately support each essential element of their claims – conclusory allegations will not suffice.  *Cady v. Hartford Acc. and Indemn. Co.*, 439 S.W.2d 483, 485-86 (Mo. 1969); *Ingle v. Case*, 777 S.W.2d 301, 304-05 (Mo. App. 1989).

5.      In addition, "[a] party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required."  *See* Mo. Sup. Ct. R. 55.27(d).

6.      In support of his Petition, Plaintiff alleges that on September 2, 2021, he filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and that his Charge of Discrimination was assigned Case No. FE-09/21-33586 by the Missouri Commission on Human Rights ("MCHR").  *See* Pet., ¶ 18.

7.      Plaintiff further alleges that the MCHR issued him a Notice of Right to Sue dated March 8, 2022.  *See* Pet., ¶ 19.

8.      While Plaintiff alleges that he both filed a Charge of Discrimination and that he received a Notice of Right to Sue letter from the MCHR, Plaintiff failed to attach either as an exhibit to his Petition.

9.      "To initiate a claim under the MHRA, a party must file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Smith v. City of Kansas City*, Case No. 4:21-00087-CV-RK, 2021 WL 4483066, at *3 (W.D. Mo. September 29, 2021) (citations omitted).

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

10.     In addition, the breadth of a civil suit is only "as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Smith*, 2021 WL 4483066, at *3 (citations omitted); *see also Williams v. Water Services H.R.D., et al*., No. 13-0188-CV-W-ODS, 2013 WL 2285550, at *2 (W.D. Mo. May 23, 2013) (noting that it was unclear whether the plaintiff had exhausted his administrative remedies, and instructing the plaintiff to attach his right-to-sue letters from the EEOC or MCHR to his Amended Complaint).

11.     Without Plaintiff having provided a copy of his Charge of Discrimination or Right to Sue Letter received from the MCHR, this Court has no way of determining whether Plaintiff has properly exhausted his administrative remedies in this case, and therefore, Plaintiff's Petition should be dismissed.

12.     Further, without Plaintiff attaching his Charge of Discrimination and Notice of Right to Sue letter to his Petition, Defendants cannot adequately determine whether Plaintiff has exhausted his administrative remedies or otherwise adequately respond to the allegations in the Petition.

13.     Defendants have filed their Suggestions in Support of their Joint Motion to Dismiss or, in the alternative, Motion for More Definite Statement.

WHEREFORE, Crestwood Health Care Center, L.L.C. and Reliant Care Group, L.L.C. respectfully request that the Court enter an Order dismissing Plaintiff's Petition with prejudice, or in the alternative, Order that Plaintiff provide Defendants with a more definite statement by attaching copies of his Charge of Discrimination filed with the MCHR and Notice of Right to Sue letter issued by the MCHR to his Petition, and for such other relief as this Court deems just and proper.

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:    _/s/ David W. Morin_
        Andrew J. Martone, #37382
        David W. Morin, # 61590
        530 Maryville Centre Drive, Suite 250
        St. Louis, Missouri 63141
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@hessemartone.com
        davidmorin@hessemartone.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

                _/s/   David W. Morin_

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CRESTWOOD HEALTH CARE CENTER, L.L.C. AND**
**RELIANT CARE GROUP, L.L.C.'S SUGGESTIONS IN**
**SUPPORT OF THEIR JOINT MOTION TO DISMISS, OR IN THE**
**ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Defendants Crestwood Health Care Center, L.L.C. and Reliant Care Group,

L.L.C. ("Defendants") by and through the undersigned counsel, and pursuant to Missouri Rule of

Civil Procedure 55.27(d), hereby submit their Suggestions in Support of their Joint Motion to

Dismiss Plaintiff's Petition, or in the alternative, Motion for More Definite Statement.

## INTRODUCTION

Plaintiff was previously employed by Crestwood Heath Care Center, L.L.C. ("Crestwood

Health"). On or about March 23, 2022, Plaintiff filed a one (1) count Petition alleging that his

employment was terminated on the basis of his age in violation of the Missouri Human Rights Act

("MHRA").

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

In his Petition, Plaintiff alleges that he filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was assigned Missouri Commission on Human Rights ("MCHR") case number FE-09/21-33586.  Plaintiff further alleges that he was issued a Notice of Right to Sue letter by the MCHR dated March 8, 2022.

Plaintiff's Petition should be dismissed because he failed to attach a copy of his Charge of Discrimination filed with the MCHR or a copy of the Right to Sue letter he received from the MCHR to his Petition, and it is therefore impossible for this Court to determine whether Plaintiff exhausted his administrative remedies prior to initiating this lawsuit.  In the alternative, Plaintiff should be required to provide a more definite statement so that Defendants can adequately respond to the allegations in the Petition.

## LEGAL STANDARD

Missouri is a fact pleading state.  *See e.g. State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).  Under Missouri law, a petition must contain a short and plain statement of facts showing that the pleader is entitled to relief.  Mo. Sup. Ct. R. 55.05.  A plaintiff's petition must plead facts that adequately support each essential element of their claims – conclusory allegations will not suffice.  *Cady v. Hartford Acc. and Indemn. Co.*, 439 S.W.2d 483, 485-86 (Mo. 1969); *Ingle v. Case*, 777 S.W.2d 301, 304-05 (Mo. App. 1989).

Further, pursuant to Missouri Supreme Court Rule 55.27(d), "[a] party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required."  Mo. Sup. Ct. R. 55.27(d).

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

**ARGUMENT**

I.   **Plaintiff's Petition Should be Dismissed Because Plaintiff Has Failed to Attach a Copy of His Charge of Discrimination Filed With the MCHR and Has Failed to Attach a Copy of His Notice of Right to Sue Letter Received From the MCHR.**

Plaintiff failed to attach either a copy of the Charge of Discrimination he allegedly filed with the MCHR to his Petition, or a copy of the Notice of Right to Sue letter he allegedly received from the MCHR.  As a result, this Court is unable to determine whether Plaintiff has properly exhausted his administrative remedies, and his Petition should be dismissed.

"[T]o initiate a claim under the MHRA, a party must file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Smith v. City of Kansas City*, Case No. 4:21-00087-CV-RK, 2021 WL 4483066, at *3 (W.D. Mo. September 29, 2021) (citations omitted); *see also Williams v. Water Services H.R.D., et al*., No. 13-0188-CV-W-ODS, 2013 WL 2285550, at *2 (W.D. Mo. May 23, 2013) (noting that it was unclear whether the plaintiff had exhausted his administrative remedies, and instructing the plaintiff to attach his right-to-sue letters from the EEOC or MCHR to his Amended Complaint). A plaintiff then has ninety (90) days from receipt of their Right to Sue Letter to file a lawsuit in either state or federal court.  *See Almoghrabi v. GoJet Airlines, LLC*, No. 4:14-CV-00507-AGF, 2015 WL 106118, at *3 (E.D. Mo. March 11, 2015) (finding that "[b]oth the MHRA and the MCHR's right-to-sue notice clearly set forth the ninety-day deadline…").

Exhaustion of administrative remedies under the MHRA requires that the plaintiff provide "notice of all claims of discrimination in the administrative complaint."  *See Smith*, 2021 WL 4483066, at *3 (citations omitted).  Plaintiffs may then seek relief for discrimination that is reasonably related to the allegations contained in the administrative charge.  *See Smith*, 2021 WL 4483066, at *3 (citations omitted).  "The breadth of the civil suit is, therefore, as broad as the scope

3

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Smith*, 2021 WL 4483066, at *3 (citations omitted).  Finally, courts cannot speculate as to what was included in an administrative charge, nor may they look outside the petition.  *See Stuckstede v. NJVC LLC*, No. 4:09CV00663JCH, 2009 WL 2231674, at *3 (E.D. Mo. July 24, 2009).

Here, while Plaintiff's Petition contains factual allegations that he filed a Charge of Discrimination with the MCHR and that he received a Notice of Right to Sue letter from the MCHR, these allegations alone are insufficient to establish that he exhausted his administrative remedies prior to filing the instant action.  *See generally Stuckstede*, 2009 WL 2231674, at *3 (finding that courts cannot speculate as to what was included in the administrative charge).

Because Plaintiff failed to attach a copy of his Charge of Discrimination and/or Right-to-Sue Letter to his Petition, Plaintiff's Petition fails to adequately establish that 1) he exhausted his administrative remedies, 2) the allegations in his Petition arise out of those contained within his Charge of Discrimination, and 3) he timely filed his Petition within ninety (90) days of receiving his Notice of Right to Sue letter from the MCHR.  Accordingly, Plaintiff's Petition should be dismissed.

**II.    In the Alternative, Defendants are Entitled to a More Definite Statement to Properly Prepare a Responsive Pleading.**

Alternatively, Defendants are entitled to be provided with a more definite statement pursuant to Mo. Sup. Ct. R. 55.27(d).  A party may move for a more definite statement of matters contained within a pleading that are not averred with sufficient particularity or definiteness to allow the party to properly prepare responsive pleadings.  *See* Mo. Sup. Ct. R. 55.27(d); *see also State ex Re. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

Here, without Plaintiff attaching both a copy of his Charge of Discrimination as well as a copy of his Notice of Right to Sue letter issued by the MCHR, Defendants are unable to determine whether Plaintiff exhausted his administrative remedies or timely filed the instant Petition.  *See Webb v. GKN Aerospace North America/Melrose, LLC*, Case No. 4:21 CV 1085 CDP, 2022 WL 1091172, at *3-*4 (E.D. Missouri April 12, 2022) (where following the defendant's argument that the plaintiff failed to include his charge of discrimination and failed to identify when he received a notice of right to sue letter, thereby rendering it difficult to determine whether the allegations of discrimination were exhausted, the plaintiff was ordered to submit a copy of his charge of discrimination to the court, as the court was unable to determine whether the preconditions to filing the employment discrimination claims had been met).

Indeed, there are numerous instances where courts have instructed plaintiffs to include a copy of their Charge of Discrimination and/or Right to Sue letter with their amended pleadings, and Plaintiff should be required to include a copy of his Charge of Discrimination and Right to Sue letter in this instance.  *See Porter v. Stonecrest at Clayton View*, No. 4:19-cv-2538-PLC, 2019 WL 5693886, at *3 (E.D. Mo. November 1, 2019) (noting that the plaintiff was required to file with her second amended complaint copies of her administrative charge and her EEOC right to sue letter); *see Williams*, 2013 WL 2285550, at *2 (finding that if the plaintiff received a right to sue letter from either the MCHR or the EEOC, he was to attach them to his Amended Complaint).

Moreover, it is unclear from Plaintiff's Petition whether he is bringing a single claim for age discrimination under the MHRA or whether he is also bringing a claim for harassment under the MHRA on the basis of age.  *See* Pet., generally.  To the extent Plaintiff's Petition also alleges a claim for harassment, Plaintiff has failed to plead sufficient facts to enable Defendants to respond

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

to his Petition's conclusory allegations that he was subjected to harassment.  Plaintiff's broad reference to "being harassed" does not suffice.  *See* Pet., ¶ 18,

Therefore, Defendants are entitled to a more definite statement pursuant to Mo. Sup. Ct. R. 55.27(d).

## CONCLUSION

Plaintiff's Petition should be dismissed for failure to adequately demonstrate that he exhausted his administrative remedies or timely filed his Petition following the issuance of a Notice of Right to Sue letter from the MCHR.  In the alternative, Plaintiff should be required to provide Defendants with a more definite statement so that Defendants may appropriately respond to his Petition.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:     */s/ David W. Morin*
        Andrew J. Martone, #37382
        David W. Morin, # 61590
        530 Maryville Centre Drive, Suite 250
        St. Louis, Missouri 63141
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@hessemartone.com
        davidmorin@hessemartone.com

6

Electronically Filed - St Louis County - April 29, 2022 - 09:56 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

/s/   David W. Morin

Electronically Filed - St Louis County - April 29, 2022 - 09:57 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| **MORHANS I. (IKE) NGUMOHA** ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No.  22SL-CC01877 |
| ) | |
| ) | |
| v. ) | Div. 13 |
| ) | |
| ) | |
| **CRESTWOOD HEALTH CARE** ) | |
| **CENTER, LLC** ) | |
| ) | |
| and ) | |
| ) | |
| **RELIANT CARE GROUP, LLC** ) | |
| ) | |
| Defendants. ) | |

## ENTRY OF APPEARANCE

COMES NOW, Andrew J. Martone of the law firm Hesse Martone, P.C., and hereby

enters his appearance as lead counsel for Defendants, Crestwood Health Care Center, LLC, and

Reliant Care Group, LLC in the above-captioned case.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:     */s/ Andrew J. Martone*
Andrew J. Martone, #37382
David W. Morin, # 61590
530 Maryville Centre Drive, Suite 250
St. Louis, Missouri 63141
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
davidmorin@hessemartone.com

Electronically Filed - St Louis County - April 29, 2022 - 09:57 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

*/s/ Andrew J. Martone*

Electronically Filed - St Louis County - May 06, 2022 - 11:40 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MORHANS I. (IKE) NGUMOHA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:    22SL-CC01877 |
| vs. | ) | |
| | ) | Division No.:  13 |
| CRESTWOOD   HEALTH   CARE | ) | |
| CENTER, LLC, A MISSOURI LIMITED | ) | |
| LIABILITY COMPANY, | ) | |
| | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| RELIANT  CARE  GROUP,  LLC,  A | ) | |
| MISSOURI   LIMITED   LIABILITY | ) | |
| COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S CONSENT MOTION FOR LEAVE OF COURT TO FILE PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and with the consent of

Opposing Counsel, requests Leave of Court to file Plaintiff's First Amended Petition for Damages

against Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC.

Respectfully submitted,

By: _David M. Heimos_

David M. Heimos, #29834MO
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com

1

Electronically Filed - St Louis County - May 06, 2022 - 11:40 AM

## Certificate of Service

The undersigned hereby certifies that on this 4th day of May 2022, the foregoing was electronically

filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system,

upon the following:

Andrew J. Martone, #37382
David W. Morin, #61590
Hesse Martone, PC
530 Maryville Centre Drive, Suite 250
St. Louis, MO 63141
(314)862-0300 – Telephone
(314)862-7010 – Facsimile
andymartone@hessemartone.com
davidmorin@hessemartone.com

David M. Heimos

2

Electronically Filed - St Louis County - May 06, 2022 - 11:43 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MORHANS I. (IKE) NGUMOHA,    )
    )
    Plaintiff,    )    Case No.:    22SL-CC01877
vs.    )
    )    Division No.:  13
CRESTWOOD    HEALTH    CARE    )
CENTER, LLC, A MISSOURI LIMITED    )
LIABILITY COMPANY,    )
    )    **JURY TRIAL DEMANDED**
    )
    **AND**    )
    )
RELIANT    CARE    GROUP, LLC, A    )
MISSOURI    LIMITED    LIABILITY    )
COMPANY,    )
    )
    )
    Defendants.    )
    )
    )

## PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

### Age Discrimination in Violation of the Missouri Human Rights Act, R.S.MO. Section 213.010 et seq.

COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and for his First Amended Petition for Damages against Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC, states to the Court as follows:

1.    That Plaintiff, Morhans I. (Ike) Ngumoha, is, and was at all times pertinent to this cause of action herein, a resident of St. Louis County, Missouri.

2.    That Defendant, Crestwood Health Care Center, LLC is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

1

Electronically Filed - St Louis County - May 06, 2022 - 11:43 AM

3.      That Defendant, Reliant Care Group, LLC, is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

4.      The Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC, are employers within the meaning of the Missouri Human Rights Act, R.S. MO. Section 213.010 et seq, in that Defendants are legal entities that, at all times pertinent to this cause of action herein, have had six (6) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

5.      That Plaintiff had been employed with Defendants at the Crestwood Health Care facility located at 11400 Mehl Avenue, Florissant, MO 63033, for nearly 13 years, from September 2008 until he was terminated on May 30, 2021.

6.      That at the time of his termination, Plaintiff held the title of Registered Nurse Supervisor, working only on weekends and holidays.

7.      That Plaintiff's date of birth is March 4, 1957, wherein he was age 64 on the date of his termination.

8.      That the reason given for Plaintiff's termination was that he was sleeping on the job.

9.      That Plaintiff was not sleeping on the job, as, at the time in question, he was on break, and if an employee is on break, he or she is not "on the clock", wherein the employee has every right to rest if he or she feels the need to do so.

10.      Furthermore, that Plaintiff was not sleeping at the time, as he sometimes merely closes his eyes when he thinks, such that his eyes may have been closed at the time.

11.     Furthermore, the residents at the facility and other employees working at the facility routinely come outside to the courtyard where Plaintiff was seated at the time, such as to smoke, wherein Plaintiff could not have been sleeping at that time, even if he had wanted to, because of the noise from the residents and other employees.

12.     Furthermore, prior to going to the courtyard for his break, Plaintiff told an employee, Meridith Kovaisky, whose title is Regional Nurse, where he was going so that he could be readily available if he was needed.

13.     That Plaintiff had absolutely no prior history of sleeping on the job and he had absolutely no prior disciplinary action taken against him whatsoever.

14.     That there was no reasonable investigation done by the Defendants prior to Plaintiff's termination, such as to speak with witnesses.

15.     That the reason Plaintiff was terminated from his employment was because of his age (64), based on the following facts:

     a.  Plaintiff was the oldest employee working at the facility at the time of his termination.

     b.  The individuals involved in the decision to terminate Plaintiff's employment, Hymita Speed, the Director of Nursing at the facility, and Chiquita Kimari, the Administrator at the facility, were considerably younger than Plaintiff, with Hymita Speed being in her early 30's and Chiquita Kimari being in her mid-40's.

     c.  Approximately three to four times during the period of January 2021 through April 2021, Hymita Speed asked Plaintiff how long he intended to work at the facility, to which he responded that he was still strong and would work at the facility as long as he could.

Electronically Filed - St Louis County - May 06, 2022 - 11:43 AM

Electronically Filed - St Louis County - May 06, 2022 - 11:43 AM

    d.  In the first week of March 2021, Chiquita Kimari also asked Plaintiff how long he intended to work at the facility.

16.    That in addition to the statements made by Hymitra Speed and Chiquita Kimari, referred to in sub-paragraphs 15c and 15d above, being evidence of an age animus toward Plaintiff, such statements were unwelcome by Plaintiff and subjected him to harassment and a hostile work environment on the basis of age.

17.    That the Defendants were "looking for a reason" to justify Plaintiff's termination, such that the reason given for his termination, that he was sleeping on the job, was merely a pretext to justify his termination.

18.    That an additional indication that Defendants were "looking for a reason" to justify Plaintiff's termination is that in February 2021, Plaintiff was asked to take a long examination regarding his job knowledge and the Company's policies, in spite of the fact that he had, at that time, been employed with Defendants for twelve and one-half years.

19.    That on September 2, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which, through a work-sharing arrangement with the Missouri Commission on Human Rights, was assigned Missouri Commission on Human Rights Case No. FE-09/21-33586 by the Missouri Commission on Human Rights, charging Defendants with unlawful age discrimination, including being harassed and then being terminated from his employment, in violation of the Missouri Human Rights Act, R.S. MO. Section 213.010 et seq. A copy of said Charge of Discrimination is marked and attached herein as Exhibit 1.

20.    That the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue, dated March 8, 2022. A copy of said Notice of Right to Sue is marked and attached herein as Exhibit 2.

Electronically Filed - St Louis County - May 06, 2022 - 11:43 AM

21.     That as a proximate result of Plaintiff being terminated from his employment, he has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

22.     Further, that as a proximate result of Defendants engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.


WHEREFORE, Plaintiff, Morhans I. (Ike) Ngumoha, prays for judgment in his First Amended Petition for Damages against Defendants, Crestwood Health Care Center, LLC, a Missouri Limited Liability Company, and Reliant Care Group, LLC, a Missouri Limited Liability Company, jointly and severally, for actual and compensatory damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for his reasonable attorney's fees incurred herein; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,


By:  _David M. Heimos_
David M. Heimos, #29834MO
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com


**Certificate of Service**

Electronically Filed - St Louis County - May 06, 2022 - 11:43 AM

The undersigned hereby certifies that on this 4th day of May 2022, the foregoing was electronically filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system, upon the following:

Andrew J. Martone, #37382
David W. Morin, #61590
Hesse Martone, PC
530 Maryville Centre Drive, Suite 250
St. Louis, MO 63141
(314)862-0300 – Telephone
(314)862-7010 – Facsimile
andymartone@hessemartone.com
davidmorin@hessemartone.com

David M. Heimos

6

**IN THE 21ˢᵀ JUDICIAL CIRCUIT, COUNTY OF ST. LOUIS
STATE OF MISSOURI, FAMILY COURT**

**MORHANS I NGUMOHA**

        **Plaintiff,**

**Vs**                                      **Cause No. 22SL-CC01877 -**

**CRESTWOOD HEALTH CARE**        **Division    13**
**CE ET AL**
        **Defendants.**

**FILED**

MAY 1 8 2022

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

## ORDER AND JUDGEMENT

      Defendant's Motion to Make More Definite and Certain is hereby
**GRANTED.** Plaintiff is hereby granted until June 17, 2022 to file an Amended
Petition herein.

SO ORDERED:

_____
Honorable Bruce F. Hilton
Circuit Judge, Division 13
May 17, 2022

Cc: Attorneys of record e-filed pursuant to Rule 103
**Mailed to pro-se litigants pursuant to Rule 43.01**

## IN THE 21ST JUDICIAL CIRCUIT, COUNTY OF ST. LOUIS
## STATE OF MISSOURI, FAMILY COURT

| | |
|---|---|
| **MORHANS I. (IKE) NGUMOHA** | |
| **Plaintiff,** | |
| **Vs** | **Cause No. 22SL-CC01877** |
| **CRESTWOOD HEALTH CARE** | **Division     13** |
| **CENTER, LLC** | |
| **And** | |
| **RELIANT CARE GROUP** | |
| **Defendant.** | |

**FILED**

MAY 1 8 2022

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

### ORDER AND JUDGEMENT

Defendant's Motion to Strike the allegations in Paragraph 20 of Plaintiff's Petition and Prayer for Punitive damages is hereby **GRANTED**.

SO ORDERED:

_____
Honorable Bruce F. Hilton
Circuit Judge, Division 13
May 18, 2022

Cc: Attorneys of record e-filed pursuant to Rule 103
**Mailed to pro-se litigants pursuant to Rule 43.01**

Electronically Filed - St Louis County - May 06, 2022 - 11:40 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MORHANS I. (IKE) NGUMOHA,                )
                                          )
         Plaintiff,                       )      Case No.:      22SL-CC01877
vs.                                       )
                                          )      Division No.: 13
CRESTWOOD     HEALTH     CARE             )
CENTER, LLC, A MISSOURI LIMITED           )
LIABILITY COMPANY,                        )
                                          )
                                          )      ┌─────────────────────────────┐
         **AND**                          )      │          **FILED**          │
                                          )      │          5/24/22            │
RELIANT  CARE  GROUP,  LLC,  A            )      │       JOAN M. GILMER        │
MISSOURI    LIMITED    LIABILITY          )      │       CIRCUIT CLERK         │
COMPANY,                                  )      │    ST. LOUIS COUNTY, MO     │
                                          )      └─────────────────────────────┘
                                          )
         Defendants.                      )
                                          )

## PLAINTIFF'S CONSENT MOTION FOR LEAVE OF COURT TO FILE PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and with the consent of

Opposing Counsel, requests Leave of Court to file Plaintiff's First Amended Petition for Damages

against Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC.

Respectfully submitted,

**LEAVE GRANTED:**

By: _David M. Heimos_

Judge          Division 13
May 24, 2022

David M. Heimos, #29834MO
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com

1

Electronically Filed - St Louis County - May 06, 2022 - 11:40 AM

**Certificate of Service**

The undersigned hereby certifies that on this 4th day of May 2022, the foregoing was electronically

filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system,

upon the following:

Andrew J. Martone, #37382
David W. Morin, #61590
Hesse Martone, PC
530 Maryville Centre Drive, Suite 250
St. Louis, MO 63141
(314)862-0300 – Telephone
(314)862-7010 – Facsimile
andymartone@hessemartone.com
davidmorin@hessemartone.com

David M. Heimos

2

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CRESTWOOD HEALTH CARE CENTER, L.L.C.
AND RELIANT CARE GROUP, L.L.C.'S JOINT MOTION TO DISMISS**

COME NOW, Defendants Crestwood Health Care Center, L.L.C. and Reliant Care Group, L.L.C. ("Defendants") by and through the undersigned counsel, and pursuant to Missouri Rule of Civil Procedure 55.27(a)(6), hereby submit their Joint Motion to Dismiss ("Motion") Plaintiff's First Amended Petition for Damages ("Amended Petition").

In support of their Motion, Defendants state as follows:

1.      On March 23, 2022 Plaintiff Morhans Ngumoha ("Plaintiff") filed his Petition against Defendants alleging age discrimination in violation of the Missouri Human Rights Act ("MHRA"), R.S.Mo. § 213.010 *et seq.*

2.      On April 29, 2022, Defendants filed their Joint Motion to Dismiss Plaintiff's Petition, or in the Alternative, Motion for More Definite Statement.

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

3.       Thereafter, on May 6, 2022, Plaintiff filed his Amended Petition against Defendants.

4.       In his Amended Petition, Plaintiff alleges that he was subjected to a hostile work environment.  *See* Amended Petition ("Am. Pet.") ¶ 16.

5.       Plaintiff's allegations in his Amended Petition that he was subjected to a hostile work environment fail to state a claim for relief because Plaintiff has not alleged specific facts to show that he is entitled to relief.

6.       Missouri is a fact pleading state.  *See e.g. State ex rel. Harvey v. Wells*, 995 S.W.2d 546, 547 (Mo. 1997).

7.       Under Missouri law, a petition must contain a short and plain statement of facts showing that the pleader is entitled to relief.  Mo. Sup. Ct. R. 55.05.

8.       A plaintiff's petition must plead facts that adequately support each essential element of their claims – conclusory allegations will not suffice.  *Cady v. Hartford Acc. and Indemn. Co.*, 439 S.W.2d 483, 485-86 (Mo. 1969); *Ingle v. Case*, 777 S.W.2d 301, 304-05 (Mo. App. 1989).

9.       Defendants have filed their Suggestions in Support of their Joint Motion to Dismiss.

WHEREFORE, Defendants Crestwood Health Care Center, L.L.C. and Reliant Care Group, L.L.C. respectfully request that the Court enter an Order dismissing Plaintiff's Amended Petition, with prejudice, and for such other relief as this Court deems just and proper.

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:     */s/ David W. Morin*     
        Andrew J. Martone, #37382
        David W. Morin, # 61590
        530 Maryville Centre Drive, Suite 250
        St. Louis, Missouri 63141
        (314) 862-0300 – Telephone
        (314) 862-7010 – Facsimile
        andymartone@hessemartone.com
        davidmorin@hessemartone.com

        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 27th day of May 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

        */s/   David W. Morin*

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| **MORHANS I. (IKE) NGUMOHA** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  22SL-CC01877 |
| | ) | |
| v. | ) | Div. 13 |
| | ) | |
| | ) | |
| **CRESTWOOD HEALTH CARE** | ) | |
| **CENTER, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **RELIANT CARE GROUP, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CRESTWOOD HEALTH CARE CENTER, L.L.C.
AND RELIANT CARE GROUP, L.L.C.'S SUGGESTIONS
IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**

COME NOW, Defendants Crestwood Health Care Center, L.L.C. and Reliant Care Group, L.L.C. ("Defendants") by and through the undersigned counsel, and pursuant to Missouri Rule of Civil Procedure 55.27(a)(6), hereby submit their Suggestions in Support of their Joint Motion to Dismiss Plaintiff's First Amended Petition for Damages ("Amended Petition").

**INTRODUCTION**

Plaintiff was previously employed by Crestwood Heath Care Center, L.L.C. ("Crestwood Health"). On or about March 23, 2022, Plaintiff filed a one (1) count Petition alleging that his employment was terminated on the basis of his age in violation of the Missouri Human Rights Act ("MHRA").  On April 29, 2022, Defendants filed their Joint Motion to Dismiss Plaintiff's Petition,

1

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

or in the Alternative, Motion for More Definite Statement.  Thereafter, on May 6, 2022, Plaintiff filed his Amended Petition against Defendants.

In his Amended Petition, Plaintiff alleges that he was subjected to harassment and a hostile work environment on the basis of his age.  Plaintiff's Amended Petition should be dismissed because Plaintiff fails to allege sufficient facts to establish that he was subjected to a hostile work environment, and therefore the Amended Petition fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

Missouri is a fact pleading state.  *See e.g. State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).  Under Missouri law, a petition must contain a short and plain statement of facts showing that the pleader is entitled to relief.  Mo. Sup. Ct. R. 55.05.  A plaintiff's petition must plead facts that adequately support each essential element of their claims – conclusory allegations will not suffice.  *Cady v. Hartford Acc. and Indemn. Co.*, 439 S.W.2d 483, 485-86 (Mo. 1969); *Ingle v. Case*, 777 S.W.2d 301, 304-05 (Mo. App. 1989).

A petition should be dismissed for failure to state a claim if it appears from the face of the petition that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.  *See generally Jones v. Kennedy*, 108 S.W.3d 203, 206 (Mo. Ct. App. 2003).  To withstand a motion to dismiss for failure to state a claim for which relief can be granted, a petition must contain allegations of the ultimate facts necessary for recovery or allegations from which such ultimate facts can be inferred.  *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379-80 (Mo. banc 1993).

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

**ANALYSIS**

**I.     Plaintiff's Amended Petition Fails to Allege Sufficient Facts to Support His Claim for Hostile Work Environment Based on Age.**

Plaintiff's claims alleging that he was subjected to a hostile work environment should be dismissed because Plaintiff fails to plead sufficient facts showing that he is entitled to relief for his hostile work environment claim.

To prevail on a hostile work environment claim, a plaintiff must show: (1) "[h]e is a member of a protected class; (2) [h]e was subjected to unwelcome age harassment; (3) [his] age was a […] factor in the harassment; (4) the harassment affected a term, condition, or privilege of employment; and (5) the [employer] knew or should have known of the harassment and failed to take appropriate action." *Ickenroth v. Parkway School District C-2*, 612 S.W.3d 247, 252 (Mo. App. 2020) (citation omitted).  "Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive enough to alter the conditions of a plaintiff's employment and create an abusive working environment." *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 244 (Mo. App. 2006) (citation omitted).  "The conduct must be sufficient to create a hostile work environment, both as it was subjectively viewed by the plaintiff and as it would be objectively viewed by a reasonable person." *Cooper*, 204 S.W.3d at 244-245 (citation omitted).

Plaintiff's Amended Petition fails to state a claim for a hostile work environment, as he fails to plead sufficient facts showing that the alleged harassment he was subjected to affected a term, condition, or privilege of his employment.  In apparent support of his hostile work environment claim, Plaintiff references statements allegedly made by two individuals at Crestwood Health asking Plaintiff how long he intended to work at the facility.  *See* Amended Petition ("Am. Pet."), ¶ 15.  Plaintiff does not adequately plead that these alleged statements

3

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

affected his employment, that they were "severe" or "pervasive," or that those statements otherwise subjected him to an abusive working environment.  *See generally Cooper*, 204 S.W.3d at 244-45.

Plaintiff's conclusory statements that he was subjected to "unwelcome" statements and that he was subjected to "harassment and a hostile work environment on the basis of age" simply do not adequately support a hostile work environment claim under Missouri's fact-pleading requirements.  *See* Am. Pet., ¶ 16; *see Cady*, 439 S.W.2d at 485-86.  Because Plaintiff has failed to allege sufficient facts to support his conclusory allegations relating to his claims for a hostile work environment, Plaintiff's Amended Petition should be dismissed.

**CONCLUSION**

In light of the foregoing, Plaintiff's Amended Petition should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By: */s/ David W. Morin*  
   Andrew J. Martone, #37382
   David W. Morin, # 61590
   530 Maryville Centre Drive, Suite 250
   St. Louis, Missouri 63141
   (314) 862-0300 – Telephone
   (314) 862-7010 – Facsimile
   andymartone@hessemartone.com
   davidmorin@hessemartone.com

   *Attorneys for Defendants*

Electronically Filed - St Louis County - May 27, 2022 - 10:52 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of May 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operations of the Court's electronic filing system, upon the following:

David M. Heimos, #29834MO
Attorney for Plaintiff
230 S. Bemiston, Ste. 1200
Clayton, Missouri 63105
T: 314-862-3333 ext. 17
F: 314-862-0605
davidheimos@heimoslaw.com

/s/   David W. Morin

Electronically Filed - St Louis County - June 08, 2022 - 12:39 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MORHANS I. (IKE) NGUMOHA,          )
                                    )
        Plaintiff,                  )        Case No.:     22SL-CC01877
vs.                                 )
                                    )        Division No.:  13
CRESTWOOD    HEALTH    CARE         )
CENTER, LLC, A MISSOURI LIMITED     )
LIABILITY COMPANY,                  )
                                    )
                                    )
        **AND**                     )
                                    )
RELIANT   CARE   GROUP, LLC, A      )
MISSOURI    LIMITED    LIABILITY    )
COMPANY,                            )
                                    )
                                    )
        Defendants.                 )
                                    )

**PLAINTIFF'S CONSENT MOTION FOR LEAVE OF COURT TO FILE PLAINTIFF'S
SECOND AMENDED PETITION FOR DAMAGES**

        COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and with the consent of

Opposing Counsel, requests Leave of Court to file Plaintiff's Second Amended Petition for

Damages, in order to address matters raised in Defendant's Motion to Dismiss Plaintiff's First

Amended Petition for Damages, and also to add an additional count (Count 2), alleging a violation

of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621 et seq., as the U.S.

Equal Employment Opportunity Commission has issued Plaintiff his Notice of Right to Sue.

1

Electronically Filed - St. Louis County - June 08, 2022 - 12:39 PM

Respectfully submitted,

By: _____
David M. Heimos, #29834MO
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com

**Certificate of Service**

The undersigned hereby certifies that on this 8th day of June 2022, the foregoing was electronically

filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system,

upon the following:

Andrew J. Martone, #37382
David W. Morin, #61590
Hesse Martone, PC
530 Maryville Centre Drive, Suite 250
St. Louis, MO 63141
(314)862-0300 – Telephone
(314)862-7010 – Facsimile
andymartone@hessemartone.com
davidmorin@hessemartone.com

_____
David M. Heimos

2

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MORHANS I. (IKE) NGUMOHA,                    )
                                             )
                Plaintiff,                   )          Case No.:       22SL-CC01877
        vs.                                  )
                                             )          Division No.:  13
CRESTWOOD     HEALTH    CARE                  )
CENTER, LLC, A MISSOURI LIMITED              )
LIABILITY COMPANY,                           )
                                             )          **JURY TRIAL DEMANDED**
                                             )
        **AND**                              )
                                             )
RELIANT   CARE   GROUP,   LLC,   A           )
MISSOURI    LIMITED    LIABILITY             )
COMPANY,                                     )
                                             )
                                             )
        Defendants.                          )
                                             )
                                             )

**PLAINTIFF'S SECOND AMENDED PETITION FOR DAMAGES**

**COUNT 1**

**Age Discrimination in Violation of the Missouri Human Rights Act (MHRA), R.S.MO.
Section 213.010 et seq.**

COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and for Count 1 of his

Second Amended Petition for Damages against Defendants, Crestwood Health Care Center, LLC

and Reliant Care Group, LLC, states to the Court as follows:

1.      That Plaintiff, Morhans I. (Ike) Ngumoha, is, and was at all times pertinent to this

cause of action herein, a resident of St. Louis County, Missouri.

2.      That Defendant, Crestwood Health Care Center, LLC is, and was at all times

pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in

1

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

3.      That Defendant, Reliant Care Group, LLC, is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

4.      That Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC, are employers within the meaning of the Missouri Human Rights Act (MHRA), R.S. MO. Section 213.010 et seq, in that Defendants are legal entities that, at all times pertinent to this cause of action herein, have had six (6) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

5.      That Plaintiff had been employed with Defendants at the Crestwood Health Care facility located at 11400 Mehl Avenue, Florissant, MO 63033, for nearly 13 years, from September 2008 until he was terminated on May 30, 2021.

6.      That at the time of his termination, Plaintiff held the title of Registered Nurse Supervisor, working only on weekends and holidays.

7.      That Plaintiff's date of birth is March 4, 1957, wherein he was age 64 on the date of his termination.

8.      That the reason given for Plaintiff's termination was that he was sleeping on the job.

9.      That Plaintiff was not sleeping on the job.

2

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

10.     Furthermore, that Plaintiff was not sleeping on the job at that time, even if he had wanted to, as he was on break, and if an employee is on break, he or she is not "on the clock", wherein the employee has every right to rest if he or she feels the need to do so.

11.     Furthermore, that Plaintiff was not sleeping on the job at that time, even if he had wanted to, as he sometimes merely closes his eyes when he thinks, such that his eyes may have been closed at that time.

12.     Furthermore, the residents at the facility and other employees working at the facility routinely come outside to the courtyard where Plaintiff was seated at that time, such as to smoke, wherein Plaintiff could not have been sleeping at that time, even if he had wanted to, because of the noise from the residents and other employees.

13.     Furthermore, prior to going to the courtyard for his break, Plaintiff told an employee, Meridith Kovaisky, whose title is Regional Nurse, where he was going so that he could be readily available if he was needed.

14.     That Plaintiff had absolutely no prior history of sleeping on the job and he had absolutely no prior disciplinary action taken against him whatsoever while employed with Defendants.

15.     That there was no reasonable investigation done by Defendants prior to Plaintiff's termination, such as to speak with witnesses.

16.     That the reason Plaintiff was terminated from his employment was because of his age (64), based on the following facts:

    a.     Plaintiff was the oldest employee working at the facility at the time of his termination.

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

    b.   The individuals involved in the decision to terminate Plaintiff's employment, Hymita Speed, the Director of Nursing at the facility, and Chiquita Kimari, the Administrator at the facility, were considerably younger than Plaintiff, with Hymita Speed being in her early 30's and Chiquita Kimari being in her mid-40's.

    c.   Approximately three to four times during the period of January 2021 through April 2021, Hymita Speed asked Plaintiff how long he intended to work at the facility, to which he responded that he was still strong and would work at the facility as long as he could.

    d.   In the first week of March 2021, Chiquita Kimari also asked Plaintiff how long he intended to work at the facility.

17.    That in addition to the statements made by Hymita Speed and Chiquita Kimari, referred to in sub-paragraphs 16c and 16d above, being evidence of an age animus toward Plaintiff, such statements created a hostile work environment for Plaintiff on the basis of his age in that:

    a.   Plaintiff, being age sixty-four (64) on the date of his termination, is a member of a protected class;

    b.   Such statements were unwelcome by, and harassing to, Plaintiff in that they were subjectively viewed by Plaintiff, and would be objectively viewed by a reasonable person, as creating a hostile work environment;

    c.   Such statements were made because of Plaintiff's age;

    d.   Such statements made on the basis of Plaintiff's age affected a term, condition, or privilege of his employment in that they were sufficiently severe or pervasive enough to alter the conditions of his employment and create an abusive working

4

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

environment, as they interfered with his expectation that he would be able to work in an environment free from harassment on the basis of his age; and

e.   Defendants knew or should have known of the harassment on the basis of Plaintiff's age, as such statements were made by Defendants' top management at the facility, Hymita Speed, the Director of Nursing at the facility, and Chiquita Kimari, the Administrator at the facility, but Defendants failed to take appropriate action to prevent or stop such harassment.

18.      That Defendants were "looking for a reason" to justify Plaintiff's termination, such that the reason given for his termination, that he was sleeping on the job, was merely a pretext to justify his termination.

19.      That an additional indication that Defendants were "looking for a reason" to justify Plaintiff's termination is that in February 2021, Plaintiff was asked to take a long examination regarding his job knowledge and the Company's policies, in spite of the fact that he had, at that time, been employed with Defendants for twelve and one-half years.

20.      That on September 2, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which, through a work-sharing arrangement with the Missouri Commission on Human Rights, was assigned Missouri Commission on Human Rights Case No. FE-09/21-33586 by the Missouri Commission on Human Rights, charging Defendants with unlawful age discrimination, including being harassed and then being terminated from his employment, in violation of the Missouri Human Rights Act (MHRA), R.S. MO. Section 213.010 et seq.  A copy of said Charge of Discrimination is marked and attached herein as Exhibit 1.

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

21.     That the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue, dated March 8, 2022.  A copy of said Notice of Right to Sue is marked and attached herein as Exhibit 2.

22.     That as a proximate result of Plaintiff being terminated from his employment, he has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

23.     Further, that as a proximate result of Defendants engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.


WHEREFORE, Plaintiff, Morhans I. (Ike) Ngumoha, prays for judgment in Count 1 of his Second Amended Petition for Damages against Defendants, Crestwood Health Care Center, LLC, a Missouri Limited Liability Company, and Reliant Care Group, LLC, a Missouri Limited Liability Company, jointly and severally, for actual and compensatory damages in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for his reasonable attorney's fees incurred herein; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.


## COUNT 2

### Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621 et seq.

COMES NOW Plaintiff, Morhans I. (Ike) Ngumoha, by counsel, and for Count 2 of his Second Amended Petition for Damages against Defendants, Crestwood Health Care Center, LLC and Reliant Care Group, LLC, states to the Court as follows:

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

1.    That Plaintiff, Morhans I. (Ike) Ngumoha, is, and was at all times pertinent to this cause of action herein, a resident of St. Louis County, Missouri.

2.    That Defendant, Crestwood Health Care Center, LLC, is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

3.    That Defendant, Reliant Care Group, LLC, is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Company, licensed and in good standing to do business in the State of Missouri, with its principal place of business and corporate headquarters located at 1869 Craig Park Ct., St. Louis, MO 63146.

4.    That Defendants, Crestwood Health Care Center, LLC, and Reliant Care Group, LLC, are employers within the meaning of the Age Discrimination in Employment Act (AEDA), 29 U.S.C. Section 621 et seq., in that Defendants are legal entities that, at all times pertinent to this cause of action herein, have engaged in the Health Care industry, an industry affecting commerce, and have employed twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

5.    That Plaintiff had been employed with Defendants at the Crestwood Health Care facility located at 11400 Mehl Avenue, Florissant, MO 63033, for nearly 13 years, from September 2008 until he was terminated on May 30, 2021.

6.    That at the time of his termination, Plaintiff held the title of Registered Nurse Supervisor, working only on weekends and holidays.

7.    That Plaintiff's date of birth is March 4, 1957, wherein he was age 64 on the date of his termination.

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

8.      That the reason given for Plaintiff's termination was that he was sleeping on the job.

9.      That Plaintiff was not sleeping on the job.

10.     Furthermore, that Plaintiff was not sleeping on the job at that time, even if he had wanted to, as he was on break, and if an employee is on break, he or she is not "on the clock", wherein the employee has every right to rest if he or she feels the need to do so.

11.     Furthermore, that Plaintiff was not sleeping on the job at that time, even if he had wanted to, as he sometimes merely closes his eyes when he thinks, such that his eyes may have been closed at that time.

12.     Furthermore, the residents at the facility and other employees working at the facility routinely come outside to the courtyard where Plaintiff was seated at that time, such as to smoke, wherein Plaintiff could not have been sleeping at that time, even if he had wanted to, because of the noise from the residents and other employees.

13.     Furthermore, prior to going to the courtyard for his break, Plaintiff told an employee, Meridith Kovaisky, whose title is Regional Nurse, where he was going so that he could be readily available if he was needed.

14.     That Plaintiff had absolutely no prior history of sleeping on the job and he had absolutely no prior disciplinary action taken against him whatsoever while employed with Defendants.

15.     That there was no reasonable investigation done by Defendants prior to Plaintiff's termination, such as to speak with witnesses.

16.     That the reason Plaintiff was terminated from his employment was because of his age (64), based on the following facts:

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

a.  Plaintiff was the oldest employee working at the facility at the time of his termination.

b.  The individuals involved in the decision to terminate Plaintiff's employment, Hymita Speed, the Director of Nursing at the facility, and Chiquita Kimari, the Administrator at the facility, were considerably younger than Plaintiff, with Hymita Speed being in her early 30's and Chiquita Kimari being in her mid-40's.

c.  Approximately three to four times during the period of January 2021 through April 2021, Hymita Speed asked Plaintiff how long he intended to work at the facility, to which he responded that he was still strong and would work at the facility as long as he could.

d.  In the first week of March 2021, Chiquita Kimari also asked Plaintiff how long he intended to work at the facility.

17.     That the Defendants were "looking for a reason" to justify Plaintiff's termination, such that the reason given for his termination, that he was sleeping on the job, was merely a pretext to justify his termination.

18.     That an additional indication that Defendants were "looking for a reason" to justify Plaintiff's termination is that in February 2021, Plaintiff was asked to take a long examination regarding his job knowledge and the Company's policies, in spite of the fact that he had, at that time, been employed with Defendants for twelve and one-half years.

19.     That on September 2, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which was assigned Charge No. 560-2021-02426 by the Equal Employment Opportunity Commission, charging Defendants with unlawful age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

Section 621 et seq.  A copy of said Charge of Discrimination is marked and attached herein as Exhibit 1.

20.     That the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, dated April 14, 2022.  A copy of said Notice of Right to Sue is marked and attached herein as Exhibit 3.

21.     That as a proximate result of Plaintiff being terminated from his employment, he has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

22.     That Defendants' conduct in terminating Plaintiff because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621 et seq., was wilfull.

WHEREFORE, Plaintiff, Morhans I. (Ike) Ngumoha, prays for judgment in Count 2 of his Second Amended Petition for Damages against Defendants, Crestwood Health Care Center, LLC, a Missouri Limited Liability Company, and Reliant Care Group, LLC, a Missouri Limited Liability Company, jointly and severally, for actual damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00); for liquidated damages; for his reasonable attorney's fees incurred herein; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,

By:   _David M. Heimos_

David M. Heimos, #29834MO
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com

10

Electronically Filed - St Louis County - June 08, 2022 - 12:49 PM

**<u>Certificate of Service</u>**

The undersigned hereby certifies that on this 8th day of June 2022, the foregoing was electronically

filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system,

upon the following:

Andrew J. Martone, #37382
David W. Morin, #61590
Hesse Martone, PC
530 Maryville Centre Drive, Suite 250
St. Louis, MO 63141
(314)862-0300 – Telephone
(314)862-7010 – Facsimile
andymartone@hessemartone.com
davidmorin@hessemartone.com

_____
David M. Heimos